# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION
### CIVIL ACTION NO. 3:19-CV-499-JRW-CHL

**MARK A. BAILEY,**

                                                                        **Plaintiff,**

v.

**LLFLEX, LLC,**                                               **Defendant.**

## REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss filed by Defendant LLFlex, LLC ("LLFlex"). (DN 6.) District Judge Justin R. Walker referred LLFlex's motion to the undersigned "for a hearing, if necessary, and to submit proposed findings of fact and a recommendation for disposition." (DN 14.) *Pro se* Plaintiff Mark A. Bailey ("Bailey") did not file a response to the motion and instead filed a Motion for Hearing (DN 10), which he later clarified he did not intend to be a response to LLFlex's motion (DN 22). During a telephonic scheduling conference in this matter, the Court granted Bailey twenty-one days to file both a response to LLFlex's motion and a motion for leave to do so out of time. (DN 22.) Bailey still did not file a response or a motion for leave to do so out of time, and the additional time granted by the Court for him to do so has expired. Therefore, this matter is ripe for review.

For the reasons set forth herein, the undersigned **RECOMMENDS** that LLFlex's Motion to Dismiss (DN 6) be **GRANTED**.

**I.     FINDINGS OF FACT**

On or about June 14, 2019, Bailey filed a two-page, handwritten Complaint in Jefferson Circuit Court against LLFlex. (DNs 1, 1-2.) His Complaint alleged in its entirety:

      To the Court and Judge:

> My name is Mark A Bailey[.]
>
> I worked for LLF Plant fo[r] 37 ½ yrs.
> Was terminated in June 2014 for absente [*sic*] points. which total seven points.
>
> I am asking the Court to here [*sic*] my case on my pension amount for my years of service. 960 a month is the wrong amount[;] the amount should be 1500 a month. LLFlex also owes me 13 wks of a lump sum of money.
>
> The Company it had a point system which was used in a decesmio [*sic*] way. For some employe[e]s you got point[s] in my case I had a tempeory [*sic*] disability which was a sleeping problem and mental he[a]lth problem and was on Family Medical Leave Act and the Company LLFlex LLC did not want to hear. I have all medical records to prove my case. After I was let go there was no une[m]ployment ins/no arbitration[n] from the United Steel Workers Union. I became homeless and in and out of mental hospitals for 2 years. Never thought after working all your life for a company that this could happen to me.
>
> A point system that gives points to a select few is no good.
>
> If I have a chance whould [*sic*] like to let the Court no [*sic*] just what did happen to cause my being let go by the Company with a point system which is no good. There is a lot more to my case and that[']s why if the Courts will here [*sic*] my case maybe some one will here [*sic*] this case and I can get justice and at least get my pension corrected. Having a disability in life is just life.

(DN 1-2, at PageID # 13-14.)

LLFlex removed the case to this Court (DN 1) and filed the instant Motion to Dismiss pursuant to Rule 12(b)(6) or, in the alternative, for a more definite statement pursuant to Rule 12(e) (DN 6). LLFlex argued that Bailey's claim regarding his pension payment was preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"); that Bailey failed to plead that he exhausted his administrative remedies, which is a prerequisite to relief under an ERISA plan; that any purported Family and Medical Leave Act ("FMLA") claim is barred by the applicable statute of limitations; and that Bailey's allegations fail to state a claim under the FMLA. (DN 6.) As noted above, Bailey did not file a response to LLFlex's motion.

## II.     CONCLUSIONS OF LAW

### A.     Legal Standard

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Factual allegations are essential; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the Court need not accept such statements as true. *Id.*  A complaint whose "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" does not satisfy the pleading requirements of Rule 8 and will not withstand a motion to dismiss. *Id.* at 679.  Instead, a complaint must "contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory" to survive a motion to dismiss. *In re Travel Agent Comm'n Antitrust Litig.,* 583 F.3d 896, 903 (6th Cir.2009) (quoting *Eidson v. Tenn. Dep't of Child.'s Servs.,* 510 F.3d 631, 634 (6th Cir. 2007)).  While the Court is generally limited to the face of the Complaint in resolving a motion to dismiss, a court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein" without converting a motion to dismiss to one for summary judgment. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (quoting *Bassett*, 528 F.3d at 430);

*Trs. of Detroit Carpenters Fringe Benefit Funds v. Patrie Constr. Co.*, 618 F. App'x 246, 255 (6th Cir. 2015).

"[P]*ro se* complaints are liberally construed and are held to less stringent standards than the formal pleadings prepared by attorneys." *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 358 (6th Cir. 2012). However, "courts have not been willing to abrogate basic pleading essentials in *pro se* suits. . . . [T]he less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations." *Perry v. United Parcel Serv.*, 90 F. App'x 860, 861 (6th Cir. 2004) (citation omitted). A *pro se* complaint must still provide a defendant with fair notice of the basis of plaintiff's claims. *See Frengler v. General Motors*, 482 F. App'x 975, 977 (6th Cir. 2012) ("Even a pro se pleading must provide the opposing party with notice of the relief sought, and it is not within the purview of the district court to conjure up claims never presented."). "Courts are not required to entertain a *pro se* plaintiff's claim that 'defies comprehension' or allegations that amount to nothing more than 'incoherent ramblings.' " *Green v. Bornstein*, No. 3:17-cv-201-DJH-DW, 2018 WL 2392550, at *1 (W.D. Ky. May 25, 2018) (quoting *Roper v. Ford Motor Co.*, No. 1:09-cv-427, 2010 WL 2670827, at *4 (S.D. Ohio Apr. 6, 2010), *report and recommendation adopted*, 2010 WL 2670697 (S.D. Ohio July 1, 2010)).

**B. Analysis**

Bailey did not respond to LLFlex's Motion to Dismiss (DN 6), and the time to do so has passed. The Court gave Bailey an additional opportunity to request leave to file a response out of time, and he failed to do so. Failure to respond to a motion to dismiss may be grounds for granting the motion. *See* LR 7.1(c) ("Failure to timely respond to a motion may be grounds for granting the motion."); *Scott v. Tennessee*, 878 F.2d 382, at *2 (6th Cir. 1989) (unpublished table decision) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court

4

may deem the plaintiff to have waived opposition to that motion."); *Moody v. CitiMortgage, Inc.*, 32 F. Supp. 3d 869, 875 (W.D. Mich. 2014) ("A plaintiff must oppose a defendant's motion to dismiss or otherwise respond or he waives opposition to the motion."). *Cf. Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 946 (6th Cir. 2020) (emphasizing that courts of appeals have discretion to consider arguments not raised before the district court, including where a party has failed to oppose the motion below and distinguishing series of cases "holding that a plaintiff's failure to respond to a defendant's motion to dismiss renders any objections to the motion waived for want of prosecution"). Therefore, the undersigned finds that Bailey has waived any opposition to the motion.

Nonetheless, as Bailey's Complaint appears to allege potential ERISA and FMLA claims, the undersigned will consider whether Bailey's Complaint satisfies the federal pleading standard as to those claims.

### 1. ERISA

While Bailey's Complaint did not explicitly reference ERISA, LLFlex argued that Bailey's allegations regarding his pension and the lump sum payment he claims to be owed are governed by the terms of the LLFlex Pension Plan for Hourly Employees of Louisville Laminating Plant, an ERISA-governed pension plan (the "Plan"). (DN 6, at PageID # 119.) LLFlex attached to its Motion a copy of the document pursuant to which the purported Plan is to be administered ("Plan Document"). The undersigned finds that he can properly consider the terms of the Plan Document without converting LLFLex's motion to a motion for summary judgment because Bailey's allegations regarding his pension and the lump sum payment owed constitute references to the Plan Document. As such, the Plan Document is central to Bailey's Complaint. *See Bassett*, 528

F.3d at 430. The Court will first address the applicability of ERISA to the Plan, then LLFlex's arguments regarding preemption and exhaustion below.

a) **Applicability of ERISA**

The undersigned likewise finds that the Plan is covered by ERISA. ERISA is a comprehensive federal law that governs employee benefits. An "employee benefit plan" is defined by ERISA as an employee welfare benefit plan or an employee pension benefit plan or a plan which is both . . . ." 29 U.S.C. § 1002(3) (2018). An "employee pension benefit plan" is defined as "any plan, fund, or program . . . established or maintained by an employer[,] . . . an employee organization, or both . . ." that "(i) provides retirement income to employees, or (ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond, regardless of the method of calculating the contributions made to the plan, the method of calculating the benefits under the plan or the method of distributing benefits from the plan." 29 U.S.C. § 1002(2)(A). The "existence of an ERISA plan is a question of fact, to be answered in light of all the surrounding circumstances and facts from the point of view of a reasonable person." *Thompson v. Am. Home Assurance Co.,* 95 F.3d 429, 434 (6th Cir.1996).

To determine whether an ERISA plan exists, the court applies a three-part test. *Thompson*, 95 F.3d at 434. First, the court must determine whether the Department of Labor's safe harbor regulations, 29 C.F.R. § 2510.3-1(j), exempt the program from ERISA.[1] *Id.* Second, "the court

---

[1] 29 C.F.R. § 2510.3-1(j) provides that the definition of "employee welfare benefit plan" does not include

> a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which
> (1) No contributions are made by an employer or employee organization;
> (2) Participation the program is completely voluntary for employees or members;
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and

must look to see if there was a 'plan' by inquiring whether 'from the surrounding circumstances a reasonable person [could] ascertain the intended benefits, the class of beneficiaries, the source of financing, and procedures for receiving benefits' " *Id.* at 435 (quoting *Int'l Res., Inc. v. New York Life Ins. Co.*, 950 F.2d 294, 297 (6th Cir. 1991)).  Third, the court asks "whether the employer 'established or maintained' the plan with the intent of providing benefits to its employees."  *Id.* (citing *McDonald v. Provident Indemn. Life Ins. Co.*, 60 F.3d 234, 236 (5th Cir. 1995) and *Hansen v. Cont'l Ins. Co.*, 940 F.2d 971, 977 (5th Cir. 1991)).  *See also Kolkowski v. Goodrich Corp.*, 448 F.3d 843, 848 n.3 (6th Cir. 2006) (citing *Thompson*, 95 F.3d at 434-35) ("The *Thompson* three part tests asks: 1) determine whether the Department of Labor's 'safe harbor regulations apply'; 2) look to the surrounding circumstances whether a reasonable person could ascertain the intended benefits, the class of beneficiaries, the source of financing, and the procedures for receiving benefits; and 3) whether the employer has established or maintained a plan with the intent of providing benefits to its employees.").

As to whether the safe harbor regulations exempt the Plan from ERISA, the Court looks to the language of the Plan Document.  The Plan Document provides in Section 3.01 that "[t]he amount of Employer Contributions shall meet or exceed the minimum funding standards of ERISA and the Code," and that "[t]he amount and timing of Employer Contributions shall be determined based on actuarial valuations and recommendations as  to the amounts require to fund benefits under this Plan." (DN 6-1, at PageID # 155.)  This language contemplates that the employer will make contributions such that the first safe harbor criterion is not satisfied.  As a "policy will be

---

(4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j) (2019).

exempted under ERISA only if all four of the 'safe harbor' criteria are satisfied," *Thompson*, 95 F.3d at 435, the undersigned concludes that the Plan is not exempt from ERISA the safe harbor regulations. As to whether a "plan" exists, the undersigned likewise finds that one does based on the terms of the Plan Document provided by LLFlex. The Plan Document contains sufficient provisions from which to ascertain the intended benefits, potential beneficiaries, funding of the Plan, and the procedures related to making a claim under the Plan. (DN 6-1.) For example, the Plan Document includes definitions of "eligible employee and sections regarding "Participation," "Contributions," "Retirement Benefits," and "When Benefits Start and Distribution of Benefits," as well as a section regarding "Claim Procedures." (*Id.* at 134-35, 153-174, 179-183, 193-96.) As to the whether the Plan was established with the intent to provide benefits to employees, the undersigned likewise finds that the language of the Plan Document indicates it was. (*Id.* at 136 (stating the "the restated Plan continues to be for the exclusive benefit of employees of the Employer").) Because the three factors set forth in *Thompson* are satisfied, the undersigned finds that the Plan is covered by ERISA.

### b) Preemption

While Bailey's Complaint does not list particular claims or laws that he claims LLFlex violated, LLFlex argued that to the extent Bailey's Complaint asserted any state law claims, the same are preempted by ERISA. (DN 6, at PageID # 122-23.) ERISA contains an express preemption provision at 29 U.S.C. § 1144(a) that provides in relevant part that ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any [covered] employee benefit plan . . . ." 29 U.S.C. § 1144(a) (2018). "Courts have interpreted this clause to preempt state laws that specifically mention ERISA, state laws 'where the existence of ERISA plans is essential to the law's operation,' and state laws 'with an impermissible connection with

8

ERISA plans[.]' " *K.B. v. Methodist Healthcare-Memphis Hosps.*, 929 F.3d 795, at 800 (6th Cir. 2019) (quoting *Gobeille v. Liberty Mut. Ins. Co.*, 136 S. Ct. 936, 943 (2016)). In addition to ERISA's express preemption provision, a claim may be completely preempted under ERISA's civil enforcement provision, 29 U.S.C. § 1132(a) (2018). The Supreme Court has held that "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004). A claim is completely preempted by ERISA's civil enforcement provision when "(1) the plaintiff complains about the denial of benefits to which he is entitled only because of the terms of an ERISA-regulated employee benefit plan; and (2) the plaintiff does not allege the violation of any legal duty (state or federal) independent of ERISA or the plan terms." *Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609, 613 (6th Cir. 2013) (quoting *Davila*, 542 U.S. at 210).

Bailey alleged in his Complaint that the amount of his pension benefit is need of correction from $960 per month to $1,500 per month and that he is entitled to a thirteen-week lump sum payment. (DN 1-2, at PageID # 13.) Because his Complaint does not explicitly reference or invoke any state statutory cause of action, the undersigned finds that express preemption under 29 U.S.C. § 1144(a) is not applicable to his claims. However, the undersigned finds that to the extent Bailey intended to raise any other state law cause of action, his claims are completely preempted by 29 U.S.C. § 1132. Bailey's only possible entitlement to the pension benefits and lump-sum amounts he seeks would be governed by the terms of the Plan as set forth in the Plan Document, and his Complaint contains no reference to any other legal duty he alleges LLFlex violated. Therefore, the undersigned concludes that the claims in Bailey's Complaint related to his pension and the lump sum payment are completely preempted by ERISA.

### c) **Exhaustion of Administrative Remedies**

LLFlex argued that Bailey's Complaint is fundamentally deficient because it fails to allege he exhausted his administrative remedies. (DN 6, at PageID # 124-26.) Though ERISA itself contains no express exhaustion requirement, the Sixth Circuit has held that an ERISA plaintiff must exhaust administrative remedies prior to commencing a civil action. *Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 504 (6th Cir. 2004); *Hill v. Blue Cross & Blue Shield*, 409 F.3d 710, 717 (6th Cir. 1991)). Therefore, a court must dismiss ERISA claims if the plaintiff has not exhausted her administrative remedies. *See Falandays v. Penn Treaty Am. Corp.*, 114 F. App'x 738 (6th Cir. 2004) ("[T]he ERISA claim nonetheless must be dismissed without prejudice for failure to exhaust administrative remedies."); *Smith v. Local No. 25 Iron Workers' Pension Plan*, 99 F. App'x 695, 699 (6th Cir. 2004).

Bailey's Complaint makes no allegations regarding his attempts to exhaust his administrative remedies prior to filing the instant suit. Accordingly, the undersigned finds that Bailey's Complaint fail to state a claim for which relief can be granted as to his ERISA claims.

### 2. **FMLA**

Bailey's Complaint does explicitly reference the FMLA. He contends that he was terminated in June 2014 by LLFlex for accumulating seven "absente [*sic*] points," but that he "had a tempeory [*sic*] disability which was a sleeping problem and mental he[a]lth problem and was on Family Medical Leave Act and the Company LLFlex LLC did not want to hear." (DN 1-2, at PageID # 13.) Accordingly, Bailey's Complaint appears to be attempting to make out a claim either that LLFlex improperly terminated him while he was on leave in violation of 29 U.S.C. § 2615(a)(1) or that LLFlex improperly terminated him as a result of his taking leave in violation of 29 U.S.C § 2615(a)(2). *See Wysong v. Dow Chem. Co.*, 503 F.3d 441, 447 (6th Cir. 2007)

(explaining that "[i]f an employer takes an employment action based, in whole or in part, on the fact that the employee took FMLA-protected leave, the employer has denied the employee a benefit to which he is entitled"). The Sixth Circuit has held that to establish a prima facie case of FMLA interference, a plaintiff must show that

> (1) [he or] she was an eligible employee; (2) the defendant was an employer as defined under the FMLA; (3) the employee was entitled to leave under the FMLA; (4) the employee gave the employer notice of [his or] her intention to take leave; and (5) the employer denied the employee FMLA benefits to which [he or] she was entitled.

*Donald v. Sybra, Inc.*, 667 F.3d 757, 761 (6th Cir. 2012) (quoting *Killian v. Yorozu Auto. Tenn., Inc.*, 454 F.3d 549, 556 (6th Cir. 2006)). The elements of a prima facie case of FMLA retaliation are as follows:

> (1) [he or] she was engaged in an activity protected by the FMLA; (2) the employer knew that [he or] she was exercising [his or] her rights under the FMLA; (3) after learning of the employee's exercise of FMLA rights, the employer took an employment action adverse to [him or] her; and (4) there was a causal connection between the protected FMLA activity and the adverse employment action.

*See id.* (quoting *Killian*, 454 F.3d at 556). Here, the undersigned finds that the allegations in Bailey's Complaint do not sufficiently overlap with the elements of either and FMLA interference on an FMLA retaliation claim as required to survive a motion to dismiss. In particular, Bailey's allegation that he was on FMLA leave does not sufficiently allege that LLFlex was an employer as defined by the FMLA, that Bailey was entitled to leave, or that Bailey gave notice of his intention to take FMLA leave as required to allege an interference claim. Likewise, his allegation that he was on FMLA leave alone does not sufficiently allege that LLFlex knew he was exercising his right to FMLA leave and that there was a casual connected between his taking leave and his termination as required to allege a retaliation claim.

11

LLFlex also argued that Bailey's FMLA claims are barred by the statute of limitations. (DN 6, at PageID # 126.) The FMLA provides that a cause of action may be brought no "later than 2 years after the date of the last event constituting the alleged violation for which the action is brought," or in the case of a willful violation, three years. 29 U.S.C. § 2617(c)(1)-(2) (2018). "[T]he standard for willfulness under the FMLA extended statute of limitations is whether the employer intentionally or recklessly violated the FMLA." *Hoffman v. Prof'l Med Team*, 394 F.3d 414, 417 (6th Cir. 2005). Bailey alleged in his Complaint that he was terminated on in June 2014 but he did not file the instant action until on or about June 14, 2019. (DN 1.) Accordingly, even assuming that Bailey's Complaint contained sufficient allegations to support a claim for willful violation of his FMLA rights, his Complaint would still be untimely as it relates to his termination. Therefore, in the alternative, the undersigned finds that Bailey's FMLA claims are barred by the FMLA's statute of limitations.

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that LLFlex's Motion to Dismiss (DN 6) be **GRANTED**.

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of record
July 30, 2020

**Notice**

Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), the undersigned Magistrate Judge hereby files with the Court the instant findings and recommendations. A copy shall forthwith be electronically transmitted or mailed to all parties. 28 U.S.C. § 636(b)(1)(C). Within fourteen (14) days after being served, a party may serve and file specific written objections to these findings and recommendations. Fed. R. Civ. P. 72(b)(2). Failure to file and serve objections to these findings and recommendations constitutes a waiver of a party's right to appeal. *Id.; United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981); *see also Thomas v. Arn,* 474 U.S. 140 (1985).